IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

DENA MONITELLO                          :


           Plaintiff,               :      Case No. 1:22-cv-61

vs.                                      :

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY
200 Hopmeadow St.                        :
Simsbury, CT  06089                      :

and                                      :

GROUP LONG TERM DISABILITY     :      COMPLAINT FOR DISABILITY
PLAN FOR EMPLOYEES OF                 BENEFITS UNDER ERISA
MEDTRONIC, INC.                          :
710 Medtronic Parkway
Minneapolis, MN  55432-5604

           Defendants.

_____

**JURISDICTION AND VENUE**

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security

Act of 1974 (ERISA) and, 29 U.S.C. § 1132(e)(1) and 1132(f).  These provisions give district

courts' jurisdiction to hear civil actions brought to recover benefits due under the terms of

Employee Welfare Benefit Plans.  In this case, Plaintiff, Dena Monitello, asserts a claim for group

disability benefits available under Plan provided for employees of Medtronic, Inc. known as Group

Long Term Disability Plan for Employees of Medtronic, Inc.  The Plan and Policy documents

should be included in the Administrative Record that will be filed with this Court; the documents are too voluminous to file.   This action may be brought before this Court pursuant to 28 U.S.C. § 1331 which gives district courts' jurisdiction over actions that arise under the laws of the United States.

2.      The ERISA statute provides, at 29 U.S.C. § 1133, for a mechanism for administrative or internal appeal of benefit denials.   Plaintiff has exhausted these avenues of appeal.

## NATURE OF ACTION

3.      Plaintiff, Dena Monitello, seeks an award of disability benefits, pursuant to an Employee Welfare Benefit Plan ("Plan") providing group disability benefits to employees of Medtronic, Inc.  This action seeking recovery of benefits is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Plaintiff also seeks to enforce the right to future benefits and to require Defendants to account for past benefits and pay future benefits.

## THE PARTIES

4.      Plaintiff is now disabled but was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated and she could no longer work.  Venue is proper in the Southern District of Ohio, Western Division at Cincinnati, because Hartford Life and Accident Insurance Company may be found in this district.  Hartford Life and Accident Insurance Company conducts ongoing business with Hamilton County, Ohio residents,

employs Hamilton County, Ohio residents and has extensive contacts within Hamilton County, Ohio.  Additionally, the Plaintiff is a resident and citizen of the United States and the State of Ohio.

5      At all times relevant hereto, the long-term disability Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). While employed, Plaintiff became disabled and has coverage under the Plan as an employee because she was a participant as defined by 29 U.S.C. § 1002(7).  This claim is for and relates to benefits under the foregoing Plans.

6.      The Plan's "Claim Administration" for long-term disability is run by a Plan Fiduciary, which, upon information and belief, is Hartford Life and Accident Insurance Company (hereinafter "Hartford").   Upon information and belief, long-term disability benefits are paid through a contract of insurance issued by Hartford.

## THE EMPLOYEE WELFARE BENEFIT PLAN

7.      At all times relevant Plaintiff was employed by Medtronic, Inc. and was a plan participant in the Plan established by Medtronic, Inc.

8.      The Plan Administrator has selected Hartford Life and Accident Insurance Company as claims administrator (hereinafter "Hartford").

9.      Medtronic, Inc. and Hartford are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

10.     Hartford is responsible for conducting any ERISA mandated claim evaluation and final review rests with Hartford and with no other entity.

## STATEMENT OF FACTS / HISTORY OF CLAIM

11.     Plaintiff worked for Medtronic, Inc. as an "Account Clerk", a sedentary occupation, until February 19, 2007, when she became disabled after three spinal surgeries of the lumbar spine that have resulted in symptoms including numbness, arm pain, urinary frequency and worsening radicular symptoms on the right side from the neck to the fingers.  Plaintiff also experiences left sided neck pain and decreased range of motion.

12.     Plaintiff received short-term disability benefits initially after leaving work and made an attempt to return to work in 2007 but was unsuccessful.

13.     Plaintiff was paid long-term disability benefits (by a former insurer for the Plan), for the inability to perform her "own occupation" from January 2, 2008 until Hartford took over the claim administration on May 1, 2009.  Long-term disability benefits were paid by the Hartford from May 1, 2009 through April 30, 2010, for Plaintiff's inability to perform her "own occupation."

14.     Long-term disability benefits under the "any occupation" definition of disability began on May 1, 2010 and were paid for over ten (10) years until October 25, 2020.

15.     "Any occupation" is defined in the Hartford policy as, "...any occupation for which You are qualified, or may reasonably become qualified, by education, training or experience." Benefits were paid under this standard for over ten (10) years.

16.     Plaintiff has been awarded Social Security disability benefits and continues to receive those benefits.

17.     Hartford issued its original denial dated October 26, 2020, based upon an Independent Medical Examination (IME) conducted by Rafid Kakel, M.D. on September 10, 2020, which concluded that the Plaintiff had sedentary capacity.

18.     Prior to submitting her appeal to the Hartford, Plaintiff was required to request a full and complete copy of her file on four different occasions.  The policy and plan information was not received until after the appeal was submitted to the Hartford.

19.     Plaintiff appealed this decision on July 28, 2021 and submitted a Functional Capacity Evaluation (which objectively proved a sub-sedentary capacity for work); a Statement under Oath in which she described the superficial examination (10 minutes or less) conducted by Dr. Kakel as well as a description of her symptoms and why she is unable to perform occupational duties; updated medical records; and a Vocational Opinion report supporting her inability to work based on the Functional Capacity Evaluation.

20.     In response, Hartford hired Hunter Vincent, D.O., to conduct a non-examining file review.  Dr. Vincent opined that Plaintiff would be capable of sedentary work and discredited the results of the FCE using generalized observations that were not relevant to Plaintiff's claim.

21.     As part of the new regulations enacted on April 1, 2018, Hartford supplied Dr. Vincent's report to Plaintiff for a response.  On September 29, 2021, Plaintiff responded to Dr. Vincent's conclusions.

22.     Hartford obtained an Addendum report from Dr. Vincent and Plaintiff responded to the Addendum report on November 5, 2021.

23.     Hartford issued a final denial of long-term disability benefits on November 15, 2021, which stated that *the FCE was flawed because Plaintiff ordered it and paid for it*.  This letter advised that Plaintiff has exhausted her administrative remedies and can file a lawsuit under § 502(a) of ERISA.

## CAUSE OF ACTION I
## CLAIM FOR BENEFITS UNDER 502(a)(1)(B)

24.     Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 23 of the Complaint.

25.     Defendants Plan and Hartford failed to exercise the statutorily required duty of care and prudence, failing to administer the long term disability Plan solely in the interests of the

participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Hartford and the Plan has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

26.     Defendant Hartford has an inherent "conflict of interest" in its long term disability plan, as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.  The conflict of interest effected the decision to deny benefits.  The conflict allowed Hartford to use its own frequently retained consultants, full time medical employees and nurse reviewers and created an overreliance on non-examining physicians' opinions. Hartford's medical employees disregarded relevant evidence submitted by Ms. Monitello with no explanation and denied benefits without using a reasoned process.

27.     While Defendant Hartford may have the authority to make claims determinations under applicable law and the language of the Policy, Hartford's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

28.     The policy of insurance which pays benefits to plan beneficiaries was delivered in Minnesota to Plaintiff's employer, Medtronic, Inc.  The intention of the insuring agreement was that benefit decisions would be governed by Minnesota's law.

29     *De novo* review is mandated in this case pursuant to Minnesota statute 60A.42, which prevents any policy of disability to reserve discretion.  This statute was effective January 1,

2016 and applies to contracts issued for delivery in the state of Minnesota. According to the policy issued by the Hartford, it is renewed yearly. Thus, a *de novo* review of Hartford's benefit denial is mandated by clearly established law in the case *subjudice*.

30.     As a consequence of the operation of Minnesota's law this matter must be reviewed *de novo* by this Court. Minnesota's law invalidating discretionary clauses is not pre-empted by ERISA.

31.     As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

32.     Because the matter is subject to *de novo* review, Plaintiff has proven, by sufficient evidence (a preponderance) that she remains disabled under the terms of the policy and that the decision to stop her benefits was incorrect.

33.     If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Hartford's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Hartford in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by

Hartford and an examination of the record reveals that Hartford's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

34.     Hartford and the Plan has violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts:  1) Defendants have ignored overwhelming objective and clinical evidence supplied by Plaintiff which supports her disability; 2) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, fatigue, weakness and an inability to persist; and 3) Defendants have created a false construct of occupational readiness to support a denial of benefits.

35.     Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

36.     ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

37.     The disability Plan under which the Plaintiff Dena Monitello was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

38.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of the Plan, to be filed with the

Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

39. The Plan Administrator, the Plan and Hartford failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B) and 29 U.S.C. §1132(a). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Hartford offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable. Failure to comply with the Code of Federal Regulations' requirements deprived Ms. Monitello of valuable due process protection.

40. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Dena Monitello, prays for the following relief:

A. That the Court enter judgment in Plaintiff Monitello's favor and against Defendants Hartford and the Plan and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Monitello in an amount equal to the contractual amount of benefits to which Monitello is entitled;

B. That the Court order Defendants Hartford and the Plan to pay Monitello's pre- and post judgment interest on all benefits that have accrued prior to the date of judgment

and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C.      That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

D.      That Plaintiff recovers all other relief to which she may be entitled, as well as the costs of the suit.


Dated:  February 1, 2022


                                        Respectfully submitted,

                                        */s/ Joseph P. McDonald*

                                        _____
                                        Joseph P. McDonald (OH 0055230)
                                        McDonald & McDonald Co., L.P.A.
                                        200 E. Spring Valley Rd, Suite A
                                        Dayton, OH  45458
                                        Tel: 937-428-9800; Fax: 937-347-5441
                                        Email:  joseph@mcdonaldandmcdonald.com
                                        Attorney for Plaintiff, Dena Monitello